*1237 OPINION.
Van Fossan :
The question for decision is whether the contribution of $1,300 made by taxpayer in 1936 as above set out was deductible under section 23 (o) (2) of the Eevenue Act of 1936.[1] As we view it the case turns on the characterization of the “Anisfield Award Committee”, i. e., whether it was such an entity as comes within the statute. There can be no question that the statute is satisfied as to the organization, operation, and purposes of the committee. The purposes were exclusively the encouragement of literary efforts to the end of bettering race relations, the latter phase being educational. It is stipulated that “no part of the income of the fund inures to the benefit of the petitioner or to any private shareholder or individual.” The committee is not engaged in carrying on propaganda or otherwise attempting to influence legislation.
Whether the committee was an entity within the requirement of the statute is to be determined by a study of all the facts relating to its *1238 creation, composition, activity, and functions. We take it that the absence of the words “trust” or “fund” or “foundation” can not be determinative. Nor, in our opinion, is it material that no more formal document marked the creation of the committee. The committee was the result of careful planning, and was conceived as an agency adequate in form to carry out the donor’s purpose. It was formally held out to the world as an entity to which books submitted for the award might be sent. The check contributed by petitioner was payable to “Henry S. Canby, Chairman of the Anisfield Award Committee” and was deposited in an account similarly styled, he alone, in such capacity, having authority to draw thereon. It is stipulated that the withdrawal and utilization of the funds were in the sole discretion of the committee. The committee functioned as an entity for the purpose planned and made awards accordingly over several years, taxpayer each year contributing to it the requisite funds. Petitioner had no part in the selection of the recipient of the prize award and in nowise used the committee as a shield to hide private donations. We are of the opinion that the Anisfield Award Committee was such an entity as entitles it to classification within the provisions of section 23 (o) (2) and that petitioner’s donation to it was deductible. See Fifth-Third Union Trust Co. v. Commissioner, 56 Fed. (2d) 767; Bok v. McCaughn, 42 Fed. (2d) 616.

Decision will he entered under Rule 50.

 SEC. 23. deductions FOM GROSS INCOME.
In computing net income there shall he allowed as deductions :
[[Image here]]
(o) Charitabde and Other Contributions. — In the case of an individual, contributions or gifts made within the taxable year to or for the use of:
[[Image here]]
(2) a corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation.